UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D.C. TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JIM SEIDEL, et al.,<br><br>    Defendants. | Case No. 16-cv-03316-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 37 |

Now before the Court is defendant Jason Pavlos's motion to dismiss plaintiff's amended complaint. Dkt. No. 37. This motion is scheduled to be heard on October 28, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court will DENY defendant's motion to dismiss Counts 5 and 7 of plaintiff's amended complaint.

**BACKGROUND**

Plaintiff E.D.C. Technologies, Inc. ("EDC") is a creator of an internet-based remote monitoring hot water management system that allows customers to monitor, configure, and actively manage their hot water systems. *See* Amend. Compl. (Dkt. No. 33) at ¶¶ 16, 18. Defendant Jim Seidel is EDC's former Vice President of Sales and Marketing. *Id*. at ¶¶ 1, 5. Defendant Seidel Associates, LLC d/b/a GreenBox Energy is a competing business Seidel allegedly created while employed by EDC. *Id.* at ¶¶ 8-9, 79. Defendant Jason Pavlos is EDC's former lead operations technician. *Id*. at ¶¶ 6, 58.

As lead operations technician, Pavlos was involved in the development, refinement, and implementation of the technology supporting EDC's hot water management system. *Id*. at ¶ 59.

1   During his time at EDC, Pavlos developed code for EDC software and was in charge of installing
2   EDC controllers at customer sites. *Id*. at ¶ 60. EDC alleges that, while still employed with the
3   company, Seidel and Pavlos developed a competing hot water management service known as
4   Greenbox Energy ("Greenbox") using EDC's technology and resources. *Id*. at ¶ 85. In doing so,
5   Seidel and Pavlos allegedly assembled and organized stolen hardware and software specifications,
6   which they submitted to an Internet of Things development company for assistance in building
7   competing products. *Id*. Seidel and Pavlos allegedly met with EDC customers and used EDC
8   products to demonstrate service features the two were developing in competition with EDC. *Id*.
9   EDC terminated Pavlos after learning of these acts. *Id*. at ¶ 86. Following his release from EDC,
10  Pavlos continued working for Greenbox, which is allegedly using EDC's hot water management
11  system technology. *Id*. at ¶ 90.

12  In this action, EDC sues Seidel, Seidel Associates, GreenBox, and Pavlos, alleging federal
13  question jurisdiction pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the
14  Stored Communications Act, 18 U.S.C. §§ 2701, 2707 (Counts 1-2). Additionally, EDC brings
15  various other California causes of action (Counts 3-10). Defendant Pavlos now moves to dismiss
16  Count 5, for breach of contract, and Count 7, for breach of duty of loyalty.

**LEGAL STANDARD**

19  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
20  if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to
21  dismiss, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."
22  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires
23  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted
24  unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require
25  "heightened fact pleading of specifics," plaintiff must allege facts sufficient to "raise a right to
26  relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. In deciding whether plaintiff
27  has stated a claim upon which relief can be granted, the court must assume that plaintiff's
28  allegations are true and must draw all reasonable inferences in plaintiff's favor. *See Usher v. City*

*of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The court, for example, need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, the court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, the court may consider "documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Pavlos seeks dismissal of EDC's claims for breach of contract and breach of duty of loyalty under Federal Rule of Civil Procedure 12(b)(6). Pavlos argues that EDC fails to state a claim for breach of contract because EDC has not adequately pled the existence of a valid contract, claiming that Pavlos's Confidentiality Agreement is invalid under California law. Pavlos further argues that because he owed no fiduciary duty to EDC, the company cannot maintain a separate cause of action against him for breach of duty of loyalty. For the reasons set forth below, the Court disagrees on both counts and therefore DENIES Pavlos's motion to dismiss.

**I.      Breach of Contract Claim (Count 5)**

EDC claims Pavlos breached a written confidentiality agreement executed on April 11, 2014 (the "Confidentiality Agreement"), in which Pavlos agreed not to use any confidential

3

information except for certain permitted purposes.  Amend. Compl. (Dkt. No. 33) at ¶¶ 142-43.  Pursuant to the Confidentiality Agreement, Pavlos also agreed not to solely or jointly plan or organize business activity with any EDC competitor, and not to solicit or divert any employees from EDC or solicit business from an EDC customer.  *Id.* at ¶ 145.  EDC claims that Pavlos breached the Confidentiality Agreement by removing and using property belonging to EDC for his competing business, including EDC's intellectual property and confidential information.  *Id.* at ¶ 146.  EDC further claims that Pavlos breached the agreement by developing a business in competition with EDC and soliciting EDC employees to join him there while still employed by EDC.  *Id.*

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2001).  Plaintiff has adequately pled EDC's performance of its obligations under the agreement, Pavlos's breach of the agreement,[1] and EDC's resulting damages.  Amend. Compl. (Dkt. No. 33) at ¶¶ 146-48.  As for the existence of a contract, Pavlos argues that the Confidentiality Agreement is facially invalid under California law, and that Plaintiff has thus failed to state a claim for breach of contract.

Pavlos contends that the Confidentiality Agreement is essentially a non-compete and non-solicitation agreement, both of which violate California Business & Professions Code ("B&P") section 16600.  *See* Motion (Dkt. No. 37) at 3-4; Reply (Dkt. No. 42) at 2.  B&P section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Cal. Bus. & Prof. Code § 16600.  "Section 16600 is unambiguous, and if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect."  *Edwards v. Arthur Anderson LLP*, 44 Cal. 4th 937, 950 (2008).  Accordingly, "in California, covenants not to

---

[1] The Court rejects Defendant's argument that Plaintiff is required to plead more specifically what property Pavlos removed in violation of the agreement.  The Court agrees with EDC that its removal of property allegation is one of many alleged breaches.

4

1 compete are void, subject to several exceptions [enumerated in the B&P]," and the California
2 Supreme Court "generally condemns noncompetition agreements." *See id.* at 945-46.

3       Courts have found an exception to section 16600, however, where the agreement is
4 "necessary to protect the employer's trade secrets" or confidential information. *See Muggill v.*
5 *Reuben H. Donnelley Corp.*, 62 Cal. 2d 239, 242 (1965); *see also Metro Traffic Control, Inc. v.*
6 *Shadow Traffic Network*, 22 Cal. App. 4th 853, 859 (1994) (citing *Muggill*, 62 Cal. 2d at 242);
7 *Gordon v. Landau*, 49 Cal. 2d 690, 694 (1958) (finding agreement not to use plaintiff's
8 confidential customer lists to solicit business "valid and enforceable"). Pavlos argues that the
9 Confidentiality Agreement is still invalid under section 16600 because certain sections of the
10 agreement do not mention confidential information in the prohibited activities. *See* Motion (Dkt.
11 No. 37) at 4 (citing *D'sa v. Playhut, Inc.*, 85 Cal. App. 4th 927, 934 (2000)). EDC counters that
12 invalidating the entire Confidentiality Agreement based on a few potentially invalid provisions
13 would permit the misappropriation of EDC's proprietary information. Opposition (Dkt. No. 41) at
14 6 (citing *Dollar Tree Stores Inc. v. Toyama Partners LLC*, 875 F. Supp. 2d 1058, 1075 (N.D Cal.
15 2012)) (internal quotation marks omitted) ("[T]he doctrine of severance attempts to conserve a
16 contractual relationship if . . . the interests of justice would be furthered by severance.").

17       Many of the facts alleged in the amended complaint center around Pavlos's unauthorized
18 use of EDC's "intellectual property and confidential information," which the Confidentiality
19 Agreement is, at least in part, designed to protect. *See* Amend. Compl. (Dkt. No. 33) at ¶ 146; *id.*,
20 Ex. B, Confidentiality Agreement at ¶¶ 1-5. For purposes of stating a claim upon which relief
21 may be granted, EDC has adequately pled the existence of a contract. Parsing the agreement and
22 determining the validity of its various provisions are premature at the pleading stage.
23 Accordingly, the Court DENIES Pavlos's Motion to Dismiss Count 5.

25 **II.  Breach of Duty of Loyalty Claim (Count 7)**

26       EDC claims that Pavlos breached his duty of loyalty by developing a competing business
27 while still employed with EDC. *Id.* ¶ 162. Although breach of duty of loyalty and breach of
28 fiduciary duty are separate claims, they have "virtually identical" elements. *Fields v. QSP, Inc.*,

No. 10-5772, 2011 WL 1375286, at *3 (C.D. Cal. Apr. 8, 2011). In order to state a claim for breach of duty of loyalty, a plaintiff must plead: "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." *Id.* at *3 (quoting *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410 (2007)).

Pavlos argues that EDC has not pled the existence of a relationship giving rise to a duty of loyalty and that he owed no duty of loyalty because he was not employed in a fiduciary capacity. Reply (Dkt. No. 42) at 2. Pavlos contends that EDC cannot bring a breach of duty of loyalty claim without the existence of a fiduciary relationship. *Id.* (citing *Mattel, Inc. v. MGA Entm't, Inc.*, No. 04-9049, 2011 WL 8427611 (C.D. Cal. Mar. 28, 2011)). EDC argues that breach of duty of loyalty and breach of fiduciary duty are distinct claims under California law, and that an employer may bring a duty of loyalty claim against a non-fiduciary employee.

"Although they are similar, breach of fiduciary duty and breach of the duty of loyalty are two distinct claims under California law." *Integral Dev. Corp. v. Tolat*, No. C 12-06575 JSW, 2013 WL 5781581, at *3 (N.D. Cal. Oct. 25, 2013) (citations and internal quotation marks omitted) (declining to follow *Mattel*). In fact, this Court previously concluded that California courts generally have not distinguished between managerial employees and lower-level employees with respect to the duty of loyalty, "but rather use[ ] broad language suggesting that all employees owe a duty of loyalty to their employers." *See Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2007 WL 3342721, at *2 (N.D. Cal. Nov. 9, 2007) (citations omitted).

In *Otsuka*, this Court examined Ninth Circuit precedent and the Restatement of Agency, concluding that "[n]othing in the Restatement indicates . . . that ordinary employees have no duty of loyalty." 2007 WL 3342721, at *2-3 (quoting *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1086 (9th Cir. 2003)). The Court held that "the California Supreme Court would likely follow the Restatement to recognize that [even] a lower-level employee, such as a sales clerk or laborer, owes a duty of loyalty to his employer." *See id.*, at *3.

Moreover, the Third Restatement, which issued following the Ninth Circuit's opinion in *Eckard*, explicitly states, "As agents, all employees owe a duty of loyalty to their employers." Restatement (Third) of Agency § 1.01. The Court disagrees with Pavlos's contention that only

6

employees with managerial duties owe a duty of loyalty.[2]  *See* Reply (Dkt. No. 42) at 3-4; *Eckard*, 338 F.3d at 1086.

EDC has adequately alleged that Pavlos, EDC's former "lead operations technician," owed EDC a duty of loyalty as its employee.  EDC has adequately alleged that Pavlos breached his duty of loyalty by developing a competing business while still employed by EDC, and that, as a result of Pavlos's breach, "EDC has sustained and will continue to sustain damages in an amount to be proven at trial."  Amend. Compl. (Dkt. No. 33) at ¶¶ 160, 164.  Accordingly, the Court DENIES Pavlos's motion to dismiss Count 7 of EDC's amended complaint.

## CONCLUSION

EDC has pled facts sufficient to state causes of action against Defendant Pavlos for breach of contract and breach of duty of loyalty.  Therefore, Pavlos's Motion to Dismiss is DENIED.

This order resolves Dkt. No. 37.

**IT IS SO ORDERED**.

Dated: October 25, 2016

SUSAN ILLSTON
United States District Judge

---

[2] The Court rejects Pavlos's argument that the Court's Order on Defendant Seidel's Motion to Dismiss, which dismissed claims for breach of duty of loyalty and breach of fiduciary duty against Seidel, held otherwise.  *See* Reply at 3.  The Court handled these claims together due to their significant overlap, finding the original complaint's allegations insufficient to sustain either claim against Seidel.