UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.D.C. TECHNOLOGIES, INC.,<br>    Plaintiff,<br>    v.<br>JIM SEIDEL, et al.,<br>    Defendants. | Case No. 16-cv-03316-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. No. 91 |

The Court is in receipt of the parties' joint discovery letter. Dkt. No. 91. In the letter, plaintiff and defendants object to one another's designations of certain materials as either "Source Code" or "Attorneys' Eyes Only" under the parties' stipulated protective order, Dkt. No. 81, and further object to the sufficiency of one another's document productions.

**I.    EDC's Objections**

EDC first takes issue with defendants' designation of certain materials as "Highly Confidential – Source Code" under the parties' stipulated protective order. EDC argues that three documents should be redesignated as "Attorneys' Eyes Only" material: (i) defendant GreenBox's hardware specification; (ii) its software specification; and (iii) its bill of materials. The Court finds that only the third item, GreenBox's bill of materials, must be redesignated.

EDC's objection focuses on the definition of "source code" in the abstract, rather than in the context of the parties' protective order. Defendants correctly point out that "Highly Confidential – Source Code" materials under the stipulated protective order, Dkt. No. 81 ¶ 2.8, include both hardware and software specifications. Despite EDC's protestations regarding the parties' hasty negotiation of their protective order, this is the agreement the parties have in place. Without modification, the hardware and software specifications are properly designated. The bill

of materials, however, is not "source code" within the definition of the parties' protective order, and defendants are **ORDERED** to redesignate this item accordingly.

Second, EDC objects to defendants' designation of a broad range of materials as "Highly Confidential – Attorneys' Eyes Only" under the stipulated protective order. EDC provides a single example in the joint letter, which it claims is just one example of "thousands." The Court agrees that this single email should be designated simply as "Confidential," rather than "Attorneys' Eyes Only." The court sees no "substantial risk of serious harm" if this email were disclosed to another party or non-party. *See* Dkt. No. 81 ¶ 2.7. But the Court cannot make a decision as to "thousands" of other documents based on a single example. As such, aside from the one example provided, the parties are **ORDERED** to continue their meet and confer efforts in this regard, and to reexamine and designate their productions accurately and in good faith.

Finally, EDC objects to many of defendants' responses to its requests for production, in which defendants have stated simply that they have no responsive documents. Where defendants state that they do not have any responsive documents in their possession, EDC seeks further explanation in some instances when, for example, EDC believes defendants once had such materials, and would like an explanation as to why defendants no longer possess the responsive materials. EDC also seeks additional information as to the searches conducted, and a certification that defendants' searches uncovered no responsive documents. EDC does not provide a copy of defendants' responses, but states that each response says something along the lines of, "subject to a diligent search and reasonable inquiry, [defendant] is not in possession of any responsive documents." Defendants argue that they indeed "conducted a diligent search and reasonable inquiry of the appropriate custodians, servers, devices, data locations and/or physical files, which confirmed that no such documents were in their possession, custody, or control." Defendants argue that this response is sufficient under the Federal Rules of Civil Procedure.

The Court will hold defendants to the standard articulated in *Hullinger v. Anand*, No. 15-cv-7185-SJO (FFM), 2016 WL 3460789 (C.D. Cal. Mar. 16, 2016), a nonbinding case cited by EDC. There, the court ordered:

> "[t]o the extent Responding Parties contend that they do not have possession, custody, or control of responsive documents, or that they

2

> already have produced such documents, they must provide a verified statement to that effect. If Responding Parties had possession, custody, or control of responsive documents at one time, but contend that they no longer have possession, custody, or control of them, they must provide a verified statement that explains the circumstances and approximate date of their loss of possession, custody, or control to the best of Responding Parties' knowledge."

*Id.* at *1. If defendants have met this standard, then they need do nothing further. If they have not, the Court **ORDERS** defendants to supplement their responses accordingly **within fourteen days of the date of this order**.

## II. Defendants' Objections

Defendants include some of their own objections in the parties' joint letter. First, defendants argue that EDC's productions were a "document dump" of 100,000 pages, from which defendants cannot discern which documents are responsive to specific requests. Defendants seek an order compelling EDC to amend its responses to "indicat[e] which specific documents are responsive to each request, if any . . . ." Defendant fails to identify a cognizable basis for its objection under the Federal Rules or applicable case law. With the limited information at its disposal, the Court concludes that EDC's so-called "document dump" generally complies with Rule 34's requirements for producing electronically stored information. *See TetraVue, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 14-cv-2021-BLM, 2017 WL 1008788, at *6-7 (S.D. Cal. Mar. 15, 2017). However, consistent with Part I, above, EDC must indicate in its responses whether it has provided documents responsive to each request. To the extent EDC has no responsive documents, EDC must say so. *See Hullinger*, 2016 WL 3460789, at *1. Both sides should know from reading the other's responses whether any responsive documents have been produced as to each request. If necessary, EDC must supplement its responses **within fourteen days of the date of this order**. In all other respects, defendants' request is **DENIED** at this time.

Second, defendants take issue with EDC's "indiscriminate" designations under the parties' stipulated protective order. Defendants argue that EDC has over-designated some 26,000 documents as "Highly Confidential – Attorneys' Eyes Only," when the vast majority of these documents do not deserve such designation. EDC does not offer a response to defendants' objection. As such, consistent with Part I, above, the parties are **ORDERED** to continue their

meet and confer efforts in this regard, and to reexamine and designate their productions accurately and in good faith.

This order resolves Dkt. No. 91.

**IT IS SO ORDERED**.

Dated: August 21, 2017

_____
SUSAN ILLSTON
United States District Judge